McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a justice. The foundation of the suit -is two notes, the first of which is as follows :
“ $25. Due Thomas K. Corn or bearer, twenty-five dollars, for value received of him, which may be discharged in feeding droves of stock of any land, keeping travellers, ferria-ges, fe., at cash prices, at my stand, at the mouth of Qhueky, in Tennessee. Given under my hand, this 11th day of May, 1849. HENRY SMITH.”
The other note is in the same words, except that the amount is but twenty dollars.
The question was submitted to the Circuit Judge, by agreement of the parties, whether, upon the face of the notes, ¿he plaintiff was entitled, by law, to demand and recover the amount of money expressed to be due, in the absence of all ■proof showing that the defendant had been called on, or requested, to discharge said notes in either of the modes stipulated therein; or that he had in any way disabled himself to so discharge them; or that he had been in default, in any respect, in the performance of the obligation, on his part, except his refusal to pay money in satisfaction of the notes. And this is, in effect, the question for our determination. His Honor, the Circuit Judge, held that the plaintiff was entitled to recover. I n this we think there is error. This was to change the contract of the parties, and to force upon the defendant a different mode of payment from that stipulated, without any breach, or default, or inability to perform, on his part. No case precisely similar in its facts, has been produced; but the principle governing the case is familiar. The case is not within the act of 1807, ch. 95, sec. 1. The place of performance is fixed, but no time. And the legal effect of the obligation imposed on the defendant was, that he should *118 be, at all times — so long as the obligation remained in force— ready and willing to perform his undertaking in all, or either, of the stipulated modes, at the election of the other party. This was all that could be demanded of him; and such readiness and willingness to perform, was a complete defence for him.
The contract, it is true, is a money contract, with the privilege to the defendant to discharge it in a different manner. And hence it is incumbent on the defendant to be prepared to show performance, or that he was ready and willing to perform ; and on failure to make this appear, the other party would be entitled to recover the money. The mode of performance must, of course, depend upon the nature and terms of the contract. In the present ease, the defendant had nothing to do but to be in readiness, at the place fixed, to do either of the things agreed to be done, when called on to do so, and if never called on to perform, he was discharged from the obligation of his contract.
The principle is the same as if the defendant had reserved the privilege of discharging the note in some specific article. In the latter case, (if a time were fixed) to constitute a good defence, the defendant must aver and prove that he had the article ready to deliver on the day and at the place fixed, and has continued ever since ready to deliver the same. 10 Yer., 245. If no day was fixed, it must be shown that he was in like manner ready to deliver the property at all times, from the date of the contract. And this will defeat the plaintiff’s right to recover money.
So, in the present case, it is a good defence that the defendant was at all times, from the date of the contract, ready to discharge the note in the manner provided; but the other party never called on, or requested him to perform.
It follows, therefore, that the judgment must be reversed.